**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALEXANDER GONZALEZ,

    Plaintiff,

v.    Case No:   6:22-cv-1935-CEM-LHP

PURE LIVING ACQUISITIONS,

    Defendant.

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** EMERGENCY MOTION TO STAY DUE TO STATE OF EMERGENCY   (Doc. No. 1)
>
> **FILED:** October 21, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Movant Alexander Gonzalez ("Gonzalez"), appearing *pro se*, instituted this matter by filing an "Emergency Motion to Stay Due to State of Emergency." Doc.

No. 1.[1]  By the motion, Gonzalez appears to be asking the Court to stay enforcement of a September 27, 2022 Writ of Possession issued by the County Court for the Eighteenth Judicial Circuit in and for Seminole County, Florida.  *See* Doc. No. 1-1, at 2.[2]  Given the nature of the requests made, the Court construes the motion as an emergency motion for temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 6.01.

Upon review, the motion is due to be denied without prejudice for the following reasons.  First, pursuant to Local Rule 6.01, a motion for temporary restraining order must include: (1) "Temporary Restraining Order" in the title; (2) a precise and verified description of the conduct and the persons subject to restraint; (3) a precise and verified explanation of the amount and form of the required security; (4) a supporting legal memorandum; and (5) a proposed order.  *See* Local

---

[1] Gonzalez has not filed a complaint, nor a notice of removal of the underlying state court matter, so it is unclear the basis for the Court's subject matter jurisdiction over the case.  *Cf. Summerhill Partners LLC v. Grimes*, No. 6:17-cv-288-Orl-37GJK, 2017 WL 9398651 (M.D. Fla. Feb. 22, 2017), *report and recommendation adopted*, 2017 WL 991478 (M.D. Fla. Mar. 15, 2017) (finding court lacked subject matter jurisdiction over an eviction matter).  Given that the above-styled motion was filed as an "emergency," however, this Order addresses the emergency motion alone, and the undersigned will address subject matter jurisdiction by separate Report and Recommendation.

[2] Along with the state court order, Gonzalez has also filed the following documents with the Court: (1) a document listing a "Dermalife reservation number" (Doc. No. 1-2); (2) a printout for "Plaxpot, Medical Multi-Plasma Solution" and "statement of facts items to package and remove during state of emergency" (Doc. No. 1-3); "Rental Property Lookup Results" (Doc. No. 2); and a printout for "Smaxel"(Doc. No. 4).

Rule 6.01(a). Additionally, the required legal memorandum must establish (a) the likelihood that the movant ultimately will prevail on the merits of the claim; (b) the irreparable nature of the threatened injury and the reason that notice is impractical; (c) the harm that might result absent a restraining order; and (d) the nature and extent of any public interest affected. *See* Local Rule 6.01(b). Gonzalez's motion does not meet these requirements. Doc. No. 1.

Second, the motion fails to comply with Federal Rule of Civil Procedure 65(b). Rule 65(b) permits a court to issue a temporary injunction only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and that the movant certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b). Gonzalez's motion does not attach an affidavit or reference a verified complaint, nor does the motion contain written certification of what efforts were made to provide notice and/or why notice should not be required. Doc. No. 1.

Third, to obtain a temporary restraining order or preliminary injunction, a movant must show: (1) a substantial likelihood of success on the merits; (2) an irreparable injury in the absence of the requested injunction; (3) a threatened injury that exceeds any injury to the non-moving party caused by the injunction; and (4) that public policy favors such an order. *Dimare Ruskin, Inc. v. Del Campo Fresh, Inc.*,

No. 8:10-cv-1332-SDM-AEP, 2010 WL 2465158, at *1 (M.D. Fla. June 15, 2010) (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also* M.D. Fla. L.R. 6.01, 6.02 (requiring a party requesting a temporary restraining order or preliminary injunction to submit a brief or memorandum addressing these factors). Gonzalez's motion does not adequately address these factors.

For these reasons, the motion (Doc. No. 1) is both procedurally and substantively deficient, and it is **DENIED WITHOUT PREJUDICE.** *See, e.g.*, *Benson v. Hernando Cty. Sch. Dist. Bd.*, No. 8:21-cv-2060-CEH-AAS, 2021 WL 4050952, at *1–2 (M.D. Fla. Aug. 27, 2021) (denying plaintiff's motion, which was construed as a motion for temporary restraining order or preliminary injunction, for failing to abide by Local Rule 6.01 and Federal Rule of Civil Procedure 65, and for being substantively deficient); *Slayton v. Sec'y, Dept. of Corrs*, No. 8:21-cv-873-KKM-AAS, 2021 WL 2156223, at *3–4 (M.D. Fla. May 27, 2021) (denying without prejudice plaintiff's "motion for protection," which was construed as a "temporary restraining order," for failure to establish the elements of a claim for temporary restraining order, and for failure to comply with Local Rule 6.01 and Federal Rule of Civil Procedure 65); *David Boggs, LLC v. Soltis*, No. 6:18-cv-687-Orl-37GJK, 2018 WL 3860176, at *1–2 (M.D. Fla. May 4, 2018) (denying without prejudice motion for

temporary restraining order and preliminary injunction for failure to comply with substantially similar prior version of Middle District of Florida Local Rules and Federal Rule of Civil Procedure 65(b)). *See also Moon v. Newsome*, 863 F.2d 835, 836 (11th Cir. 1989) (A *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989). Any renewed motion must comply with the standards and rules discussed in this Order, and establish that this Court has subject matter jurisdiction over the dispute.

**DONE** and **ORDERED** in Orlando, Florida on October 21, 2022.

*[signature]*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties